IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA BAKER, | CASE NO. 5:13-cv-00546 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| PALO ALTO UNIVERSITY, INC., et. al., | [Docket Item No(s). 12] |
| Defendant(s). | |

## I. INTRODUCTION

In a Complaint originally filed in Santa Clara County Superior Court on January 23, 2013, Plaintiff Barbara Baker ("Plaintiff") asserts several causes of action against Palo Alto University ("PAU"), the Pacific Graduate School of Psychology, and Saybrook University ("Defendants"). Defendants timely removed the action to this court on February 7, 2013, on the basis of federal question jurisdiction.

Presently before the court is Plaintiff's Motion to Remand this case back to the superior court from which it originated. See Docket Item No. 12. Defendants have filed written opposition to the motion. See Docket Item No. 13. Having carefully considered this matter, the court finds it suitable for decision without oral argument pursuant to Local Rule Rule 7-1(b). The hearing scheduled for February 28, 2014. Since federal question jurisdiction is apparent from the face of the Complaint, Plaintiff's motion must be denied for the reasons explained below.

United States District Court
For the Northern District of California

## II.  LEGAL STANDARD

Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress.").  Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant.").  Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b); 1332(a).

When, as here, removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

### III.  DISCUSSION

With the applicable legal standard in mind, the court must first decide whether the currently operative pleading supports federal jurisdiction.  To do so, the court construes the Complaint that initiated this action in state court to determine if any of Plaintiff's causes of action are created by or depend on the resolution of a substantial question arising under federal law.  See Christianson, 486 U.S. at 808.  Defendants contend the Complaint supports jurisdiction in this court because Plaintiff asserted four causes of action against PAU based in federal law: (1) disability discrimination in violation of 42 U.S.C. § 12182 et. seq., (2) disability discrimination in violation of 29 U.S.C. § 794 et. seq., (3) failure to accommodate in violation of 29 U.S.C. § 794 et. seq., and (4) retaliation in violation of 42 U.S.C. § 12203.  Since Plaintiff has asserted three stand-alone claims under federal statutes, all of which are undeniably "created" by federal law, the court must agree with Defendants.  See Armstrong v. N. Mariana Islands, 576 F.3d 950, 955-956 (9th Cir. 2009) (holding that federal question jurisdiction exists when "a well-pleaded complaint establishes either that . . . federal law creates the cause of action.").  Defendants have therefore met their burden to establish a basis for federal jurisdiction.

In light of this rather straightforward conclusion, Plaintiff's arguments in favor of remand are unconvincing and misplaced.  Plaintiff's contention that her Complaint does not present a "substantial question" of federal law due to her numerous state law claims conflates the authority applied to claims *created* by federal law with that applied to those that simply *invoke* federal law.  As indicated above, the former category of claims independently support federal jurisdiction.  See Armstrong, 576 F.3d 955-956.  The latter category may not, hence the need to examine whether a claim under state law carries with it a substantial federal question.  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312-14 (2005) (discussing the "longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction" which recognizes that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.").  Here, there is no need to resort to a "substantial question" analysis because four of Plaintiff's claims are actually created by federal law.

Plaintiff further asks this court to decline jurisdiction over the entirety of the action because

United States District Court
For the Northern District of California

1  state law claims predominate and a state law forum is favored under those circumstances.  But the
2  court clearly cannot abstain from the four causes of action over which it has original jurisdiction.
3  See Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir. 1994) ("[O]riginal jurisdiction is not
4  discretionary.").  And while the court may decline to exercise supplemental jurisdiction when state
5  law claims "substantially predominate" over federal claims, the court sees no good reason to do so
6  here.  28 U.S.C. § 1367(c).  Forcing these parties to litigate two nearly-identical cases in separate
7  venues - one here and one in state court - is neither convenient, economical, nor fair.  See City of
8  Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997); see also Smith v. Lenches, 263 F.3d
9  972, 977 (9th Cir. 2001) ("[D]istrict courts may decline to exercise jurisdiction over supplemental
10 state law claims in the interest of judicial economy, convenience, fairness and comity.").  Indeed,
11 even Plaintiff disfavors this inevitable result of a partial remand.  Thus, since the federal claims must
12 remain in this court, so will the state law claims.

### IV.  ORDER

Based on the foregoing, Plaintiff's Motion to Remand is DENIED.  The hearing scheduled for February 28, 2014, is VACATED.

**IT IS SO ORDERED.**

Dated:  February 18, 2014

EDWARD J. DAVILA
United States District Judge

4
CASE NO. 5:13-cv-00546 EJD
ORDER DENYING PLAINTIFF'S MOTION TO REMAND